RANDALL H. SCARLETT (SBN 135554)
ROBERT E. ORMISTON (SBN 141857)
RANDALL A. SCARLETT (SBN 328431)
SCARLETT LAW GROUP
536 Pacific Avenue
San Francisco, CA 94133
Telephone: (415) 352-6264
Facsimile: (415) 352-6265

Attorney for Plaintiffs

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| GREGORY GAMBEL as NEXT FRIEND/FATHER of minor plaintiff CG;<br>Plaintiffs,<br><br>vs.<br><br>UNITED STATES OF AMERICA, a governmental entity; THE PRESIDIO TRUST, a governmental entity; and DOES 1 through 100, Inclusive,<br><br>Defendants. | CASE NO.: 22-CV-4647<br><br>**COMPLAINT FOR DAMAGES** |

COMES NOW plaintiff GREGORY GAMBEL AS NEXT FRIEND/FATHER of minor plaintiff CG, who alleges the following:

**JURISDICTION**

1. This Court has jurisdiction pursuant to 28 U.S.C. § 1346(b). Additionally, this Court has jurisdiction over all other claims pursuant to 28 U.S.C. § 1367 because all of the claims arise from a common nucleus of operative facts that are so intertwined that they cannot be reasonably separated.

**INTRADISTRICT ASSIGNMENT**

2. This matter is a personal injury action. The events giving rise to the injuries occurred in San Francisco, CA on land owned by the Presidio Trust, a governmental entity, which makes San Francisco the proper assignment pursuant to Civil L.R. 3-2(d).

1
**COMPLAINT FOR DAMAGES**

## VENUE

3. Venue is proper in this judicial district pursuant to 28 U.S.C. §§ 1391(b)(2) and 1391§(1) because the events giving rise to the claim occurred in this judicial district.

## PARTIES

4. Plaintiff CG is a minor who resides in Yardley, Pennsylvania. CG is making this claim through his NEXT FRIEND/FATHER GREGORY GAMBEL.

5. Defendant UNITED STATES OF AMERICA ("USA") is the federal government, and is a proper defendant pursuant to 28 U.S.C §§ 2671-2680 for claims for money damages arising from or out of the negligent or wrongful act and/or omission of any federal employee committed within the course and scope of their employment.

6. Defendant PRESIDIO TRUST is a federal corporation established under the Presidio Trust Act (the "Trust Act"), 16 U.S.C. § 440bb.

7. The true names and capacities, whether individual, corporate, associate or otherwise, of the Defendants are unknown to Plaintiff, who therefore sues such Defendants by such fictitious names, and Plaintiff will amend this complaint to show their true names and capacities when the same have been ascertained. Plaintiff is informed and believes and thereon alleges that each of the Defendants are responsible under law in some manner, negligently, in warranty, strictly, or otherwise, for the events and happenings herein referred to and proximately thereby caused injuries and damages to Plaintiff as herein alleged.

8. Plaintiffs are informed and believe and thereon allege that, at all times herein mentioned, each of the defendants were the agents, employees, principals or employers of each of the remaining defendants and were at all times relevant, acting within the course and scope of said relationships and each defendant has authorized, ratified and approved the acts of each of the remaining defendants.

**ADMINISTRATIVE EXHAUSTION**

9. On or about August 16, 2021, plaintiffs GREGORY GAMBEL AS NEXT FRIEND/ FATHER of minor plaintiff CG, served and presented defendant PRESIDIO TRUST, through the appropriate federal agency, with an administrative claim pursuant to the FTCA with supporting documents.

10. By correspondence dated February 12, 2022, THE PRESIDIO TRUST, through its Office of General Counsel, Claims Office, provided its Notice of Final Determination of plaintiff's administrative tort claims as required by 28 U.S.C. §§ 2401(b), 2675(a).

11. Pursuant to its February 12, 2022 correspondence, THE PRESIDIO TRUST denied plaintiff's claim, constituting "final denial of Claimant's claim" for purposes of the FTCA's exhaustion requirement.

**FIRST CAUSE OF ACTION**

**(Against All Defendants)**

12. Plaintiffs incorporate by reference Paragraphs 1 through 11 of the Complaint as if set forth in full herein.

13. Plaintiff is informed and believes that at all relevant times herein defendants UNITED STATES OF AMERICA, THE PRESIDIO TRUST, and/or DOES 1-100 (hereinafter "defendants") owned, operated, entrusted, rented, leased, furnished, supplied, designed, constructed, repaired, modified, serviced, managed, controlled, supervised, maintained, inspected, occupied, used, and/ or possessed the real property where the subject incident occurred known as the "Main Parade Ground", which is located at or about the intersection of Anza Ave & Sheridan Ave, San Francisco, CA 94129 (hereinafter "PREMISES").

14. Defendants, and each of them, were under a duty to exercise ordinary care in their ownership, operation, entrusting, renting, leasing, furnishing, supplying, designing, constructing, repairing, modifying, servicing, managing, controlling, supervising, maintaining, inspecting, occupying, use and/or possession of the PREMISES in order to

avoid exposing persons to an unreasonable risk of harm.

15. Plaintiff is informed and believes and based thereon alleges that on or about August 18, 2019, and prior thereto, defendants so negligently and carelessly owned, operated, entrusted, rented, leased, furnished, supplied, designed, constructed, repaired, modified, serviced, managed, controlled, supervised, maintained, inspected, occupied, used, and/or possessed the PREMISES as to cause, create, and/or allow to exist a dangerous, hazardous, and unsafe condition which created an unreasonable and substantial risk of injury to persons thereon.

16. Plaintiff is informed and believes that the defendants placed a number of "Share Chairs" at the premises for public use and had invited the public, including children, onto the premises to utilize the chairs.

17. Defendant PRESIDIO TRUST represents to the public on its website that the "Share Chairs" are "moveable and versatile seating" that are "for everyone" "So come out to the Main Parade Ground and enjoy them!" The PRESIDIO TRUST website contained pictures of such Share Chairs including a person sitting on the back of such chair. No warnings were provided including not to play or sit on the back of the Stair Chair or that one could be injured by doing so.

18. On or about August 18, 2019, at approximately 5:30 P.M. at the premises, Plaintiff sustained serious and severe injury to his person including but not limited to displaced transverse fracture through the radial neck with radial subluxation of the radial head in relationship to the capitellum, among other injuries; general and special damages; loss of past present, and future wages and diminution of earnings capacity.

19. At said time and place, Plaintiff was utilizing one of the "Share Chairs" when it suddenly and unexpectedly shifted positions, causing Plaintiff to fall and strike the ground, injuring his person and sustaining the injuries and damages aforesaid.

20. Plaintiff is informed and believes and based thereon alleges that the defendants' negligence and misconduct as set forth herein was the proximate cause and/or

4
**COMPLAINT FOR DAMAGES**

substantial factor in causing the injuries and damages to Plaintiff as set forth herein.

21. Plaintiff is informed and believes and based thereon alleges that defendants, in performing the actions alleged herein, acted through their agents and employees who undertook the actions alleged herein, and at the time of undertaking such actions were acting within the course and scope of their employment, agency, and/or authority from defendants.

22. As a direct and proximate result of the negligence of defendants, Plaintiff has been required to employ the services of hospitals, rehabilitation facilities, physicians, surgeons, nurses, and other professional services. As a further direct and proximate result of the negligence and carelessness of defendants, Plaintiff is in need of future medical treatment, services, care, and other services and expenses.

23. As a further direct and proximate result of the negligence of defendants, Plaintiff has loss of past, present, and future wages and loss of earning capacity.

24. As a further direct and proximate result of the negligence of defendants, Plaintiff has suffered extreme shock, emotional distress, and pain and suffering.

**WHEREFORE**, plaintiffs pray for judgment against defendants, and each of them, as follows:

1. For general damages in a sum in excess of the minimum jurisdictional limits of this Court;
2. For medical and incidental expenses according to proof;
3. For all costs of suit incurred herein;
4. For loss of earnings according to proof;
5. All prejudgment interest on general and special damages from the date of the incident of the present complaint; and
6. For such other and further relief as this Court may deem just proper.

**COMPLAINT FOR DAMAGES**

SCARLETT LAW GROUP
536 Pacific Avenue
San Francisco, CA 94133

**DEMAND FOR JURY TRIAL**

Plaintiff demands a trial by jury of all issues so triable pursuant to Rule 38 of the Federal Rules of Civil Procedure.

DATED: August 11, 2022         SCARLETT LAW GROUP

By _____
RANDALL A. SCARLETT, ESQ.
Attorneys for All Plaintiffs